## ECKERD DRUG CO v GORDIE

Ohio Appeals, 9th Dist, Summit Co

No 2217.  Decided April 5, 1933

Rodgers & Rodgers, for plaintiff in error.
Samuel T. Kelly and Artee Fleming, Akron, for defendant in error.

STEVENS, J.

This action was brought under §12941 GC, which provides an additional penalty for the violation of §12940, GC.  These two sections read as follows:

"Sec 12940.  Whoever, being the proprietor or his employe, keeper or manager of an inn, restaurant, eating house, barber shop, public conveyance by land or water, theater or other place of public accommodation and amusement, denies to a citizen, except for reasons applicable alike to all citizens and regardless of color or race, the full enjoyment of the accommodations, advantages, facilities or privileges thereof, or, being a person who aides or incites the

denial thereof, shall be fin'ed not less than fifty dollars nor more than five hundred dollars or imprisoned not less than thirty days nor more than ninety days, or both."

"Sec 12941. Whoever violates the next preceding section shall also pay not less than fifty dollars nor more than five hundred dollars to the person aggrieved thereby to be recovered in any court of competent jurisdiction in the county where such offense was committed."

It was claimed by the defendant in error that he, a citizen, was denied the full enjoyment of the accommodations, advantages, facilities and privileges of the store operated and maintained by the plaintiff in error at 215 South Main Street in the city of Akron, Ohio, because of his race or color; the said defendant in error being of the Negro race.

The only salient question presented by plaintiff in error is whether or not the place of business of the plaintiff in error was, at the time of the transaction in question, an inn, restaurant, eating house, or other place of public accommodation and amusement, within the purview of said sections.

It appears from the record that the store operated by the plaintiff in error was in part a drug store and in part a so-called soda grill, in which latter portion of said store soda water, soft drinks and sandwiches were served. It appears further that defendant in error went into said place of business so operated and maintained by plaintiff in error for the purpose of buying an ice cream soda.

The statutes, supra, include within their provisions, restaurants, inns, eating houses, and other places of public accommodation and amusement. Whether the place of business of plaintiff in error came within the category of an inn, restaurant, eating house, or other place of public accommodation and amusement, was clearly a question of fact, to be submitted to the jury for its determination, and the trial court therefore did not err in refusing to direct a verdict for the plaintiff in error at the conclusion of the evidence offered by the defendant in error. In the state of the record presented in this case, this court cannot say that the verdict of the jury was manifestly against the weight of the evidence.

The judgment of the Common Pleas Court, affirming the judgment of the Municipal Court in favor of the defendant in error, is accordingly affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.